487 P.2d 397

David H. CAMPBELL, Superintendent, Motor Vehicle Division, Arizona Highway Department, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, and the Honorable Howard V. Peterson, a Judge thereof, and Real Party In Interest, Sarkis DERADOURIAN, Respondents.

No. 10445.

Supreme Court of Arizona, In Banc.

July 28, 1971.

---

Gary K. Nelson, Atty. Gen. by Donald O. Loeb, Asst. Atty. Gen., Phoenix, for petitioner.

O'Reilly, Pollock, Pizzo & Brash by Charles S. Pizzo, Phoenix, for real party in interest.

HAYS, Vice Chief Justice.

Respondent, Sarkis Deradourian (hereinafter referred to as respondent), was arrested in Phoenix, Arizona on September 23, 1970 for driving upon the public highways of Arizona while under the influence of intoxicating liquors in violation of A.R.S. § 28–692. Thereafter, on September 29, 1970, the arresting officer filed with the Motor Vehicle Division of the Arizona Highway Department an affidavit pursuant to A.R.S. § 28–691, subsec. D which stated that respondent had refused to submit to the chemical test of the breath prescribed by A.R.S. § 28–691, subsec. A at the time of his arrest. Based on this affidavit of the arresting officer, the peti-

tioner, David H. Campbell as Superintendent of the Motor Vehicle Division of the Arizona Highway Department (hereinafter referred to as petitioner), issued an order of suspension of respondent's driver's license pursuant to A.R.S. § 28–691, subsec. D.

Upon receiving notice of his license suspension, respondent requested a hearing before the Motor Vehicle Division. On November 16, 1970 respondent was afforded the requested hearing and at the close of this hearing the order of suspension of respondent's driver's license was affirmed. Respondent then petitioned for a hearing pursuant to A.R.S. § 28–451 with the respondent superior court for an additional review of the order of suspension.

Prior to the hearing in the respondent superior court, however, respondent, on February 4, 1971, changed his plea in the criminal action pending before the Traffic Court of the City of Phoenix from not guilty to guilty on the charge of driving while under the influence of intoxicating liquor in violation of A.R.S. § 28–692 and paid a fine as a result.

The following day, on February 5, 1971, respondent filed a motion for summary judgment in the respondent superior court and advanced the position in support of the motion that the plea of guilty entered the previous day in the criminal cause rendered moot the issue of respondent's consent to the breath test under the Implied Consent Law since the reason for giving the test, i. e. to determine the alcoholic content of respondent's blood, no longer existed.

The respondent court, on February 23, 1971, granted respondent's motion for summary judgment after a finding that upon a plea of guilty to the charge of driving while intoxicated, the suspension provided by the Implied Consent Law had no further application.

Thereafter, on March 22, 1971, petitioner filed with this court a Petition for Special Action and urged therein that the finding of the respondent court was an abuse of its descretion. We agree with the petitioner.

332

In Campbell v. Superior Court, 106 Ariz. 542, 479 P.2d 685 (1971), we indicated, citing Blow v. Commissioner of Motor Vehicles, 164 N.W.2d 351, 352–353 (S.Ct.S.D. 1969), that proceedings to determine or review suspension of a driver's license for refusal to submit to a chemical test are civil and administrative proceedings separate and distinct from any criminal action on a charge of driving while under the influence of intoxicating liquor or drugs. We also stated in Campbell, supra,

"* * * that the 'outcome of one action is of no consequence to the other. Acquittal of the criminal charge of operating a motor vehicle while intoxicated did not preclude defendant from revoking plaintiff's driver's license.' *See* Gottschalk v. Sueppel, 258 Iowa 1173, 140 N.W.2d 866 (1966); Prucha v. Department of Motor Vehicles, 172 Neb. 415, 110 N.W.2d 75 (1961). *See also* 88 A.L.R.2d 1064; 96 A.L.R.2d 612, and cases collected in State v. Starnes, 21 Ohio St.2d 38, 254 N.E.2d 675, 679 (1970)". 106 Ariz. at p. 550, 479 P.2d at p. 693.

Therefore, it is our position in the instant case that the plea of guilty entered by respondent in the criminal action of driving while intoxicated had no bearing whatsoever on the civil review proceeding held in the respondent superior court on the order of suspension and that the respondent superior court, in view of Campbell, supra, abused it's discretion by granting respondent's motion for summary judgment solely because of respondent's previous plea of guilty in the criminal action.

The order of the respondent superior court granting respondent's motion for summary judgment is vacated and the cause is remanded for proceedings not inconsistent with the foregoing decision.

STRUCKMEYER, C. J., and LOCKWOOD and CAMERON, JJ., concur.

NOTE: Justice JESSE A. UDALL disqualified himself from participating in the determination of this matter.