Sidney C. **BROUGHTON**, Plaintiff,

v.

William J. **WARREN**, Jr., Delaware Director of Motor Vehicles, Defendant.

Court of Chancery of Delaware, New Castle.

Sept. 8, 1971.

Frederick Knecht, Jr., of Knecht, Greenstein & Berkowitz, Wilmington, for plaintiff.

Richard R. Wier, Jr., Deputy Atty. Gen. of Delaware, for defendant.

DUFFY, Chancellor:

On July 26, 1971 a notice was mailed to plaintiff by William J. Warren, Jr., Delaware Director of Motor Vehicles (defendant), stating that his driver's license would be suspended indefinitely, effective July 31, 1971 at 12:01 a. m. The grounds given for suspension were that plaintiff had "committed a revocable offense-pending trial." Plaintiff was directed to return his license to the Director by the effective date. He did so.

Plaintiff seeks to enjoin defendant from enforcing the provisions of 21 Del.C. § 2733(a) (1) on the premise that the statute violates the due process clauses of the State and Federal constitutions by taking a property interest without prior hearing.[1] Plaintiff seeks temporary relief which would, in effect, restore his license. This is the decision on that application.

A.

I first consider subject matter jurisdiction.

In this case, as in litigation generally, Chancery is without jurisdiction if there is sufficient remedy at law, 10 Del. C. § 342. Defendant says that such a remedy is available to plaintiff by 21 Del.C. § 2734 which gives a right of appeal to the Superior Court for any person "denied a license" or "whose license has been revoked."[2] Both sides agree that we are not concerned with revocation so the only relevant part of the statute is that which governs the right of a person "denied a

1. 21 Del.C. § 2733(a) (1) provides:
"(a) The Department may immediately suspend the license and driving privileges or both of any person without hearing and without receiving a record of conviction of such person of crime whenever the Department has reason to believe that such person—

(1) Has committed any offense for the conviction of which mandatory revocation of license and driving privileges or both is provided in section 2732 of this title, but no license shall be suspended by reason of any conviction or convictions upon the charge of overloading any vehicle as provided in section 4503 of this title."

2. 21 Del.C. § 2734 provides:
"(a) Any person denied a license or whose license has been revoked by the Department, except where such revocation is mandatory under the provisions of this chapter, may appeal to the Superior Court in the County wherein such person resides. In the case of revocation, such appeal shall not operate as a stay."

license." Defendant argues that this language gives a right of appeal to one whose license has been suspended. He says, quite correctly, that 21 Del.C. § 2715 gives a right of appeal to a person who has been refused a license;[3] he then contends that to "deny" a license is to refuse to issue it and the General Assembly did not intend to provide duplicate appeal statutes (i. e., § 2715 and § 2734). In this context the Court has a duty, continues defendant, to harmonize the statutes by finding that the appeal provisions of § 2734 apply to a "suspension." But they do not.

Try as I may, I simply cannot equate a "denial" of a license with a "suspension." The English language has its limitations and words often sound alike but mean something quite different, or sound different but mean the same thing. But "denial" and "suspension" do not sound alike, look alike, or mean the same thing.[4]

Section 2734 probably should be amended to provide appeal rights to a person whose license has been suspended as well as revoked, but that calls for action by the General Assembly, not by the Court of Chancery.[5]

Next, defendant argues that there is an adequate remedy at law because plaintiff may obtain an occupational license under 21 Del.C. § 2733(g).[6] But a cursory review of that statute indicates it requires the application of special criteria (extreme hardship, for example) which have no relevancy to this action which seeks restoration of entire driving privileges, not the limited ones available under an occupational license.

Finally, defendant argues that plaintiff has an adequate remedy at law because he may apply for a hearing under 21 Del. C. § 2733(b).[7] This argument suffers from

3. 21 Del.C. § 2715 provides:
   "The Department, for sufficient reasons, may refuse to issue any form of license or permit to any applicant. Upon such refusal, such applicant may appeal to the Superior Court of the county in which he resides."

4. "Denial" is defined as " * * * a refusal to grant, assent or sanction something requested;" or " * * * a restriction or limitation on one's *own* activity: self denial." (Emphasis added). Webster's Third New International Dictionary, Vol. I at 602 (G. & C. Merriam Co. 1964). "Suspension" is defined as a " * * * state or period of being suspended, interrupted or abrogated; *temporary* forced withdrawal from the exercise of office, powers, prerogatives, privileges * * *; *temporary* withholding; *temporary* remission of action or execution." (Emphasis added). *Id.* Vol. II at 2303. The meaning of "denial" does not include the idea imported by "suspension."

5. The legislative history of § 2734 confirms the conclusion that the phrase "denied a license" was not intended to be synonymous with a suspension; the present language was substituted for refusal "to issue any form of license or permit." See 40 Del.Laws, Ch. 38 § 3.

6. 21 Del.C. § 2733(g) provides:
   "(g) In the event of a suspension of a driver's license * * * the Department

may issue an occupational license during a period of suspension * * *; provided, that the applicant sets forth * * * that the suspension of such license has created an extreme hardship in the conduct of the business usually transacted by the applicant, that no prior occupational license has been issued within the preceding 12 months and that there has been no more than two such prior suspensions, provided, however, that no such occupational license shall be issued if the license of the applicant has been suspended for physical and/or mental disability or if the license of the applicant has been revoked for conviction of any of the crimes specified in section 2732 of this title even though the revocation has created an extreme hardship."

7. 21 Del.C. § 2733(b) provides:
   "(b) Whenever the Department suspends the license of any person for any reason set forth in subsection (a) of this section, the Department shall immediately notify the licensee and afford him an opportunity of a hearing before the Department in the county wherein the licensee resides. Upon such hearing the Department shall either rescind its order of suspension or, good cause appearing therefor, may suspend the license of such person for a further period, or revoke the license."

two infirmities: first, it provides for an administrative hearing, only, without any recourse to the courts, so to that extent there is not a remedy at law; second, and more particularly, that section provides for hearing *after* suspension and plaintiff is entitled to a judicial determination as to whether or not a hearing is required *before* suspension. Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); cf. Jannuzzio v. Hackett, 32 Del.Ch. 163, 82 A.2d 730 (1951).

It follows that plaintiff is without a remedy at law and this Court therefore has subject matter jurisdiction.

### B.

I turn now to the critical issue proposed by plaintiff: Is he entitled to relief because 21 Del.C. § 2733(a) (1) is unconstitutional in its application to this case?

As I understand plaintiff's argument, he says that the suspension of his license was invalid, as a matter of law, because he was entitled to a hearing prior to suspension and since he did not receive one that is a denial of due process. In its present posture plaintiff thus seeks a ruling on whether § 2733 is unconstitutional for one reason only: it permits suspension of an operator's license before hearing.

■ In Bell v. Burson, *supra,* decided last May, the United States Supreme Court eliminated any distinction between a right and a privilege as these terms may be applied to a driving license. The Court held that an issued driver's license is an "important interest," or an "entitlement," the suspension of which requires the safeguards of procedural due process. And so a hearing was required before a license could be suspended as part of the enforcement of a Georgia financial responsibility law. Here the State argues that the *Bell* rule is not applicable because there is at stake an overriding public or governmental interest which amounts to an emergency.

In *Bell* Justice Brennan wrote:

"* * * it is fundamental that except in emergency situations (and this is not one) due process requires that when a State seeks to terminate an interest such as that here involved, it must afford 'notice and opportunity for hearing appropriate to the nature of the case' *before* the termination becomes effective."

The Court thus required procedural due process prior to suspension of a driving license—except in emergency situations. And the narrow question here is whether that exception applies. It has been applied in cases involving articles determined to be misbranded by the Administrator of the Federal Food, Drug and Cosmetic Act, Ewing v. Mytinger & Casselberry, Inc., 339 U.S. 594, 70 S.Ct. 870, 94 L.Ed. 1088 (1950); to takeover of bank administration by a Federal Bank Commissioner on the basis that its management was unfit, Fahey v. Mallonee, 332 U.S. 245, 67 S.Ct. 1552, 91 L.Ed. 2030 (1947); to the seizure of food alleged to be unfit for human consumption, North American Cold Storage Co. v. Chicago, 211 U.S. 306, 29 S.Ct. 101, 53 L.Ed. 195 (1908); and to the suspension of a right to engage in the distribution of securities, R. A. Holman & Co. v. Securities and Exchange Commission, 112 U.S.App.D.C. 43, 299 F.2d 127 (1962), cert. denied 370 U.S. 911, 82 S. Ct. 1257, 8 L.Ed.2d 404. See also 116 U. S.App.D.C. 279, 323 F.2d 284 (1963); Halsey, Stuart & Co. v. Public Service Commission, 212 Wis. 184, 248 N.W. 458 (1933). The Delaware courts have recognized that a State interest can be substantial enough to permit exception to general rules requiring due process. Hoff v. State, 9 W.W.Harr. 134, 197 A. 75 (1938), State v. Rose, 3 W.W.Harr. 168, 132 A. 864 (1926).

Section 2733(a) permits immediate suspension, without hearing, whenever the Director has reason to believe that a person

has committed any offense for the conviction of which there is mandatory revocation of license under § 2732. This latter law requires mandatory revocation upon conviction for such crimes as manslaughter by motor vehicle, assault by motor vehicle resulting in the death of a human being, driving while under the influence of intoxicating liquor or narcotic drug, three convictions for reckless driving within the preceding twelve months, and so on.

Little formal proof is required of carnage on the highways. For present purposes the Court takes judicial notice of the fact that men, women and children are seriously injured or die on our highways as a result of manslaughter by automobile, as a result of driving while under the influence of intoxicating liquor or narcotic drug, and so on. Cf. Breithaupt v. Abram, 352 U.S. 432, 77 S.Ct. 408, 1 L.Ed.2d 448 (1957). Certainly there is a governmental interest, a very strong public interest, in promptly removing from the highways persons who engage in such conduct. The suspension of a driver's license, under the kind of statute and proceeding here involved, is not to punish the driver but to protect the public from those who have demonstrated that their driving presents a hazard to life and property. Bungardeanu v. England, 219 A.2d 104 (D.C.Ct.App. 1966).

In his memorandum plaintiff has not discussed the emergency doctrine nor has the Court had the benefit of his view on the cases cited by the State. Plaintiff relies upon such cases as Sniadach v. Family Finance Corporation, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) and Mills v. Bartlett, Del.Super., 265 A.2d 39 (1970), reversed on other grounds Mills v. Trans Caribbean Airways, Del.Supr., 272 A.2d 702. Those cases, like *Bell*, require notice and hearing prior to interference with a person's right to property. But they do not consider the emergency situation.

■■■ The requirements of procedural due process are not exact and alike in their application to all circumstances. But they include a consideration of the governmental interest to be served and the impact upon the individual. Given the showing made by the State as to circumstances which the courts have regarded as emergencies (*Holman,* for example) and the absence of meaningful rebuttal by plaintiff (who has the burden on this application for affirmative relief at the threshold of the case), I cannot say, as a matter of law, that the State is not entitled to rely upon the law applicable to the emergency situations to support the statute. In short, I conclude that the principle announced in *Bell* does not, as a matter of law, invalidate plaintiff's suspension merely because it was made before hearing.[8]

Plaintiff is not entitled to temporary relief and his motion will therefore be denied.

8. The record made by the State on the motion shows that plaintiff has been convicted of four or five separate motor vehicle offenses, he has received six warnings for speeding, he has been in five accidents and has had his license suspended twice. Five charges are currently pending against him.