John F. KOSMATKA, Plaintiff and Respondent,

v.

SAFETY RESPONSIBILITY DIVISION OF the NORTH DAKOTA STATE HIGHWAY DEPARTMENT, Defendant and Appellant.

Civ. No. 8790.

Supreme Court of North Dakota.

March 30, 1972.

Rehearing Denied May 1, 1972.

fluence of intoxicating liquor [DWI] by the Grand Forks Municipal Court on May 27, 1971. The municipal court imposed a fine of $350 and a 3-day jail sentence. In addition, Kosmatka was required to surrender his motor vehicle operator's license to the court for transmittal to the Safety Responsibility Division of the North Dakota State Highway Department, pursuant to § 39–06–28 of the North Dakota Century Code.

On the same day Kosmatka served notice of appeal and moved the municipal court for an order staying the execution of sentencing, pending appeal. The motion was granted as to staying the execution of the judgment of conviction but was denied as to the surrender of Kosmatka's license. His license was subsequently revoked by the Safety Responsibility Division pursuant to § 39–06–31, N.D.C.C.

Thereafter Kosmatka brought an action in the District Court of Grand Forks County for a show cause hearing to determine whether the revocation of his license should be stayed pending the appeal of his conviction on the DWI charge. On June 7, 1971, the district court made an order returning Kosmatka's license to him pending a determination on his application for injunctive relief. On August 17, 1971, the district court entered a judgment enjoining the Safety Responsibility Division from obtaining Kosmatka's license until his appellate remedies had been exhausted on the DWI conviction. It is from this judgment that this appeal is taken by the Safety Responsibility Division. The appeal from the DWI conviction was still pending at the time of the presentation of the oral arguments in this case.

The issue raised on appeal by the Safety Responsibility Division is the interpretation of § 39–06–31, N.D.C.C., by the district court. However, Kosmatka challenged the constitutionality of this section in the district court, and during the oral arguments before this court the parties were requested to submit supplemental briefs concerning

Helgi Johanneson, Atty. Gen., Bismarck, and Myron E. Bothun, Sp. Asst. Atty. Gen., North Dakota State Highway Dept., Bismarck, for defendant and appellant.

Nelson, Mack & Moosbrugger, Grand Forks, for plaintiff and respondent.

PAULSON, Judge.

John F. Kosmatka was convicted of the offense of driving while under the in-

the constitutional question. We will first consider the question of statutory interpretation, since, if this question is resolved favorably to Kosmatka, it will not be necessary to reach the constitutional question.

The relevant provisions of the Fourteenth Amendment of the United States Constitution and of § 13 of the North Dakota Constitution read as follows:

Article XIV, § 1, U. S. Constitution:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

§ 13, N.D. Constitution:

"In criminal prosecutions in any court whatever, the party accused shall have the right to a speedy and public trial; to have the process of the court to compel the attendance of witnesses in his behalf; and to appear and defend in person and with counsel. No person shall be twice put in jeopardy for the same offense, nor be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property without due process of law."

The applicable statutes in the case at bar are §§ 39–06–28, 39–06–30, and 39–06–31, N.D.C.C. These statutes provide:

39–06–28, N.D.C.C. *"Courts to forward license to commissioner upon certain convictions.*—Whenever any person is convicted of any offense for which this chapter makes mandatory the revocation of the operator's license of such person by the commissioner, the court in which such conviction is had shall require the surrender to it of any operator's license then held by the person so convicted and the court shall thereupon forward the same together with a record of such conviction to the commissioner."

39–06–30, N.D.C.C. *"Conviction—Meaning and effect.*—For purposes of title 39 of the North Dakota Century Code the term 'conviction' shall mean a final order or judgment of conviction by a trial court having jurisdiction. Also, for the purposes of this chapter a forfeiture of bail or collateral deposited to secure a defendant's appearance in court, which forfeiture has not been vacated, shall be equivalent to a conviction."

39–06–31, N.D.C.C. *"Mandatory revocation of licenses.*—The commissioner shall revoke forthwith the license of any operator upon receiving a record of such operator's conviction of any of the following offenses, *when such conviction has become final*:

.    .    .    .    .    .

"6. Conviction of driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug, or under the influence of any other drug to a degree which renders him incapable of safely driving a motor vehicle.

.    .    .    .  ." [Emphasis added.]

The primary issue in this case is the interpretation of the phrase "when such conviction has become final" contained in § 39–06–31, N.D.C.C. Numerous cases from other jurisdictions have been cited by both parties in support of their opposing contentions and from these cases it is apparent that there is no clearcut majority view interpreting the above phrase. Therefore we find these decisions not persuasive and turn to a consideration of North Dakota law to aid us in reaching a decision.

■■ It is fundamental that when two statutes relating to the same subject matter appear to be in conflict, they should be construed whenever possible to give effect to both statutes if this can be done without

doing violence to either. Stradinger v. Hatzenbuhler, 137 N.W.2d 212 (N.D.1965); State v. Erickson, 72 N.D. 417, 7 N.W.2d 865 (1943). In examining the statutes applicable to the case at bar, we find that § 39–06–28, N.D.C.C., requires a court in which a conviction for DWI is had to cause the surrender of the operator's license and the forwarding of the license to the highway commissioner. Applying the definition of "conviction" found in § 39–06–30, N.D. C.C., it is clear that § 39–06–28 requires a trial court to forward the operator's license to the highway commissioner at the time that the conviction is had in the trial court. Comparing §§ 39–06–28 and 39–06–31, N.D. C.C., in the light of the fundamental principle enunciated above, it would be anomalous to require the trial court to forward the operator's license immediately if § 39–06–31 does not allow the license to be revoked until the appellate remedies have been exhausted. Accordingly, to give effect to both §§ 39–06–28 and 39–06–31 without doing violence to either, the Legislature must have intended in § 39–06–31 that the highway commissioner revoke the license of a driver at the time of his conviction in the trial court rather than at such time as his appellate remedies are exhausted. We so hold. This holding, while not mandated by our decision in Thompson v. Thompson, 78 N.W.2d 395 (N.D.1956), is consistent with the decision in *Thompson* and in our opinion is the better view.

Having determined that the statutory construction is contrary to that urged by Kosmatka, we must now consider the constitutional infirmities which he contends invalidate the statutes.

The basis of Kosmatka's contention is the decision of the United States Supreme Court in the recent case of Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971). In the *Bell* case the Supreme Court considered the constitutionality of the financial responsibility provisions of the Georgia Motor Vehicle Safety Responsibility Act, Ga.Code Ann. § 92A–601 et seq. (1958). The *Bell* case concerned a clergy-

man who was involved in an accident when a 5-year-old girl rode her bicycle into the side of his automobile. The Georgia statutes require the suspension of a driver's license without a hearing as to probable liability when the driver cannot show financial responsibility. In holding the Georgia statutes unconstitutional, the United States Supreme Court stated, 402 U.S. at 539, 91 S.Ct. at 1589:

"Once licenses are issued, as in petitioner's case, their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment. [Citations omitted.] This is but an application of the general proposition that relevant constitutional restraints limit state power to terminate an entitlement whether the entitlement is denominated a 'right' or a 'privilege'."

Having determined that a driver's license cannot be taken without affording the driver due process, the Supreme Court made it clear that due process requires a hearing when it stated, 402 U.S. at 542, 91 S.Ct. at 1591:

" . . . it is fundamental that except in emergency situations (and this is not one) due process requires that when a State seeks to terminate an interest such as that here involved, it must afford 'notice and opportunity for hearing appropriate to the nature of the case' *before* the termination becomes effective."

This court is of the opinion that Kosmatka has had a hearing on the issue of guilt in being convicted of driving while under the influence of intoxicating liquor. Under our statute such hearing and conviction determine the issue of revocation. In Thompson v. Thompson, 78 N.W.2d 395 (N.D. 1956), this court held that the district court judgment was final for the purpose of conviction even though the district court sus-

pended the imposition of sentence. In Bell v. Burson, *supra*, Bell was not afforded such a hearing.

 The revocation is sustainable for yet another reason. The Supreme Court of the United States in *Bell* considered the emergency exception to the due process hearing requirement and the Court justifiably held that the factual situation presented to them did not come within the purview of the emergency doctrine requirement—the liability of a driver is indeed questionable when someone rides a bicycle into the side of his automobile. On the other hand, the Court of Chancery of Delaware, in an opinion rendered after the *Bell* decision, held that such an emergency existed in the case of Broughton v. Warren, Del.Ch., 281 A.2d 625 (1971). The court, in *Broughton*, applied the exception as set forth in the *Bell* case in an instance where the driver's license was suspended prior to conviction on a revocable offense. In *Broughton* there were five charges pending against the driver, who had committed several prior offenses, had received six speeding warnings, had been involved in five accidents, and whose license had been suspended twice previously.

Clearly the offense in the case at bar lies somewhere between the offenses involved in *Bell* and in *Broughton*. We are of the opinion that the conviction on the DWI charge here involved is within the emergency exception as enunciated in *Bell* and therefore a hearing is not required to revoke Kosmatka's license, the reason being that the Legislature in effect has declared that a conviction on a DWI charge constitutes an emergency. The Legislature has done this by mandating that the trial judge forward the accused's license to the highway commissioner upon conviction in the trial court. We presume that statutes passed by the Legislature are constitutional. Hector v. Board of Township Supervisors of Stanley Township, 177 N.W.2d 547 (N.D.1970); Boeing Company v. Omdahl, 169 N.W.2d 696 (N.D.1969).

We determine that the interests of protecting the public create such an emergency as to outweigh the requirement of a hearing for a driver who has been convicted in a municipal court of a DWI charge and that Kosmatka has not overcome the presumption that legislative enactments are constitutional. The *Bell* decision, *supra*, does not require a hearing in all driver's license revocation cases and, accordingly, we hold that a DWI conviction in a trial court is such an emergency as to preclude the necessity of a hearing. Therefore, § 39–06–31, N.D.C.C., does not contravene the due process clauses of the Federal and State Constitutions.

The judgment is reversed.

STRUTZ, C. J., and ERICKSTAD, TEIGEN and KNUDSON, JJ., concur.