Erenst Castaneda CHAVEZ, Plaintiff,

v.

David H. CAMPBELL, Superintendent, Motor Vehicle Division, Arizona Highway Department, Defendant.

No. Civ–73–163 Phx WEC.

United States District Court,
D. Arizona.

July 2, 1973.

George W. Oglesby, Phoenix, Ariz., for plaintiff.

Gary K. Nelson, Atty. Gen., by Donald O. Loeb, Asst. Atty. Gen., Phoenix, Ariz., for defendant.

## OPINION

Before TRASK, Circuit Judge, and CRAIG and MUECKE, District Judges.

CRAIG, Chief Judge.

On February 1, 1973, plaintiff was driving his automobile on a public street in Phoenix, Arizona, and was arrested and charged with a violation of A.R.S. § 28–721(A), failure to drive on the right side of the roadway, and with violation of A.R.S. § 28–692, driving while under the influence of intoxicating liquor (DWI). Pursuant to A.R.S. § 28–691, Arizona's implied consent law, the arresting officer requested the plaintiff to submit to a breath test to determine whether the plaintiff was under the influence of alcohol. Plaintiff refused to submit to the test and requested permission to telephone and consult with an attorney, which request was denied by the officer. On February 7, 1973, defendant, under the provisions of the implied consent law, summarily suspended plaintiff's driver's license for a period of six months from February 6, 1973. This suspension was done without affording plaintiff an opportunity to be heard. In an administrative hearing held on March 16, 1973, defendant's action was sustained.

Plaintiff brings this action under 42 U.S.C. § 1983 and invokes this Court's jurisdiction under 28 U.S.C. § 1343. He attacks the constitutionality of A.R.S. § 28–691 on three grounds: 1) the statute denies him due process of law; 2) the statute is violative of the equal protection of the laws, and 3) the statute is invalid because a suspect requested to submit to the test is not permitted the assistance of counsel prior to the rendition of a decision to suspend.

A Three-Judge Court was convened pursuant to 28 U.S.C. §§ 2281 and 2284, as plaintiff contends that the implied consent law be declared unconstitutional, and that defendant be enjoined from enforcing the provisions of that statute against him.

Before we can reach the issues presented in this case, we must first resolve defendant's motion for partial abstention. Defendant argues that portions of the implied consent statute have not yet been construed by the Arizona Supreme Court. Defendant readily acknowledges that the statute has twice been construed in significant part by the Arizona Supreme Court in *Campbell v. Superior Court*, 106 Ariz. 542, 479 P.2d 685 (1971), and in *Campbell v. Superior Court*, 107 Ariz. 330, 487 P.2d 397 (1971). In *Campbell (I)* it was held, *inter alia*, that a suspect does not have a right to an administrative hearing prior to the effective date of suspension of his license, and that a suspect does not have the right to consult with an attorney at the time he is requested to submit to a breath test. *Campbell (II)* declared that the entry of a plea of guilty by a non-consenter to the charge out of which the license suspension arose did not relieve him from the consequences of his refusal under the Act.

The case before us, then, is not one where provisions of a state statute have not previously been construed. *See, e. g., Fornaris v. Ridge Tool Co.*, 400 U.S. 41, 91 S.Ct. 156, 27 L.Ed.2d 174 (1970). The doctrine of abstention is to be invoked when a state law is susceptible of a "construction by the state courts that would avoid or modify the constitutional question." *Zwickler v. Koota*, 389 U.S. 241, 249, 88 S.Ct. 391, 396, 19 L.Ed.2d 444 (1967); *Reetz v. Bozanich*, 297 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970). The doctrine does not apply where state law is settled or else where the statute is unconstitutional no matter how it may be construed by the state courts. *Harman v. Forssenius*, 380 U.S. 528, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965). Here we have a statute that has twice been construed by the Arizona courts, and which constructions are the very object of plaintiff's attack. Indeed, defendant has conceded that those sections of the

statute already construed are ripe for a constitutional determination by this Court. Accordingly, we conclude that partial abstention is inappropriate to the instant case.

We note at the outset that the implied consent laws in many states have come under increasing attack. In addition to the Arizona Supreme Court, several other state courts of last resort have upheld the constitutionality of their states' statutes. *See In re McCain*, 506 P.2d 1204 (N.M.1973); *Broughten v. Warren*, 281 A.2d 625 (Del.1971); *Craig v. Commonwealth of Kentucky*, 471 S.W.2d 11 (Ky.1971). By contrast, a Three-Judge Federal Court in South Dakota has found that state's statute invalid. *Holland v. Parker*, 354 F.Supp. 196 (D.S.D.1973).

To reach a determination of the present cause, we need go no further than *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971) and *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). In *Bell v. Burson, supra,* the United States Supreme Court held the Georgia Motor Vehicle Safety Responsibility Act unconstitutional on the grounds that " * * * since the statutory scheme makes liability an important factor in the State's determination to deprive an individual of his license, the State may not, consistently with due process, eliminate consideration of that factor in its prior hearing." 402 U.S. at 541, 91 S.Ct. at 1590. En route to its holding, the Court made various important declarations concerning due process and the revocation of drivers' licenses.

"Once licenses are issued, as in petitioner's case, their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without the procedural due process required by the Fourteenth Amendment (Citations omitted). This is but an application of the general proposition that relevant constitutional restraints limit state power to terminate an entitlement whether the entitlement is denominated a 'right' or a 'privilege'." (Citations omitted) 402 U.S. at 539, 91 S.Ct. at 1589. The Court then went on to state, 402 U.S. 542, 91 S.Ct. 1591:

"While '[m]any controversies have raged about * * * the Due Process Clause,' *ibid.,* it is fundamental that except in emergency situations (and this is not one) due process requires that when a State seeks to terminate an interest such as that here involved, it must afford 'notice and opportunity for hearing appropriate to the nature of the case' *before* the termination becomes effective." (Citations omitted)

The meaning of the phrase "emergency situations" was clarified by the Court in *Fuentes v. Shevin, supra,* 407 U.S. at 90–92, 92 S.Ct. at 1999:

"There are 'extraordinary situations' that justify postponing notice and opportunity for a hearing. *Boddie v. Connecticut*, 401 U.S. [371], at 379 [91 S.Ct. 780, 28 L.Ed.2d 113]. These situations, however, must be truly unusual. Only in a few limited situations has this Court allowed outright seizure without opportunity for a prior hearing. First, in each case, the seizure has been directly necessary to secure an important governmental or general public interest. Second, there has been a special need for very prompt action. Third, the State has kept strict control over its monopoly of legitimate force: the person initiating the seizure has been a government official responsible for determining, under the standards of a narrowly drawn statute, that it was necessary and justified in the particular instance. Thus, the Court has allowed summary seizure of property to collect the internal revenue

of the United States, to meet the needs of a national war effort, to protect against the economic disaster of a bank failure, and to protect the public from misbranded drugs and contaminated food." (Footnotes omitted)

The cases cited above which have upheld the constitutionality of the implied consent statutes have done so on the grounds that there is a compelling State interest to keep drunk drivers off the road, and to get them off immediately. Thus, the drunk driver episode is characterized as an "emergency situation" which justifies summary revocation of drivers' licenses without prior notice and hearing. Defendant not only reaffirms these arguments, but goes beyond to argue that those who refuse to take a breath test are, by that very fact, dangerous drivers who must be removed from the road.

It cannot be denied that there is a compelling State interest to protect the public from drunk drivers. However, the effect of the implied consent law is not to remove drunks from the road, but rather to remove only those who have refused to submit to the test. Thus, a drunk who takes the breath test continues to drive and keeps his license, while a driver who may be completely sober, and who refuses to take the test finds himself excluded from the highways. As a result, the statute does not further any compelling State interest to remove drunks from the road. The vitality of the defendant's argument is further vitiated by the stipulated record which shows that, as a practical matter, the Drivers' License Branch of the Motor Vehicle Division of the Arizona Highway Department does not ordinarily suspend an individual's Arizona driver's license upon receipt of a first conviction for DWI, although it

has the discretion of doing so under A.R.S. § 28–446(A)(8). A first time DWI offender need merely take the breath test, and even if he is later convicted, he will continue to occupy the highways, although the argument is advanced that it is this very same drunk driver whom the state is attempting to remove from the roads through the implied consent law. Even if the state were to revoke the licenses of *all* persons convicted of DWI, so long as the suspect submits to the test, the revocation will not take place until later, following conviction on the charge upon a full trial and hearing. This, indeed, militates against the asserted argument that summary suspension of licenses is necessary to facilitate immediate removal of drunks from the road. "If there is time to permit prerevocation adjudication for the driver found presumptively under the influence of alcohol, then there is no reason why the same opportunity should not be afforded the driver who refuses the test." *Holland v. Parker, supra,* at 202. Finally, there is no data to demonstrate satisfactorily to this Court that an individual is a dangerous driver and a threat on the highways merely because he refuses to take a breath test.

We conclude that defendant has failed to justify the summary revocation of a driver who has refused to take the test, as was the case with plaintiff here, and we find that A.R.S. § 28–691 (1969) is unconstitutional pursuant to *Bell v. Burson, supra* because it permits the revocation of driving privileges without affording prior notice and hearing. As we have reached our decision on due process grounds, we do not consider plaintiff's equal protection and right to counsel arguments. Injunction will issue.