# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

JUSTIN E. CURLEY,

    Appellant/Defendant-Below,

    v.

DIVISION OF MOTOR VEHICLES,
SCOTT VIEN, DIRECTOR OF
DIVISION OF MOTOR VEHICLES,

    Appellees/ Plaintiffs-Below.

)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No.: CPU5-17-000276

Kristin C. Collison, Esquire
Hudson Jones Jaywork & Fisher LLC
225 S. State Street
Dover, DE 19901
Attorney for Appellant/Defendant-Below

Ann C. Cordo, Esquire
Department of Justice
Delaware Dept. of Transportation
P O Box 778
Dover, DE 19903
Attorney for the Appellee/ Plaintiffs-Below

Submitted:    August 29, 2017
Decided:    December 11, 2017

## DECISION ON JURISDICTION FOR APPEAL

This case involves a civil appeal from the Division of Motor Vehicles (hereinafter "DMV")

for the State of Delaware Department of Transportation. After an administrative hearing, an

administrative hearing officer for DMV issued a decision suspending the driver's license of Justin

E. Curley (the "appellant") for a period of six months pursuant to 21 *Del. C.*

§ 2733(a)(5). The hearing officer found that the appellant had fraudulently obtained a driver's license by misrepresentation in violation of 21 *Del. C.* § 2751(a). The appellant has appealed DMV's decision suspending his driver's license to this Court. After some initial research by the Court, it ordered the parties to provide written argument on the issue of whether the Court of Common Pleas has jurisdiction to consider appeals for individuals who have had their driver's license "suspended" by DMV pursuant to 29 *Del. C.* § 2733. After thoroughly reviewing each party's written submissions regarding this issue, the Court finds that the Court of Common Pleas lacks jurisdiction to consider appeals from DMV decisions that suspend a person's driver's license pursuant to that section of the Delaware Code. Therefore, the appellant's appeal for this matter must be dismissed.

In order to proceed with an appeal to the Court of Common Pleas, the appellant must prove by a preponderance of the evidence that this Court has jurisdiction over the appeal. It appears to the Court that the appeal was originally filed with the Court of Common Pleas pursuant to 21 *Del. C.* § 2734, which provides jurisdiction over certain DMV appeals to the Court of Common Pleas. The appellant contends that the Court of Common Pleas also has jurisdiction pursuant to 29 *Del. C.* § 10142 of the Delaware Administrative Procedures Act.

A. Applicability of 21 *Del. C.* § 2734

In pertinent part, § 2734 of title 21 of the Delaware Code provides that "[a]ny person denied a license or whose license has been revoked by the Department, except where the revocation is mandatory under this chapter, may appeal to the Court of Common Pleas in the county wherein

2

such person resides."[1, 2] In *Broughton v. Warren*, the Delaware Court of Chancery directly addressed whether 21 Del. C. § 2734 provides for an appeal of the suspension of a driver's license.[3] It found that § 2734 does not provide jurisdiction to hear an appeal of a suspension of a driver's license as a "suspension" does not constitute a "denial" or "revocation" of a driver's license.[4, 5] In its decision, the court explained that both parties agreed that a "suspension" of a driver's license does not implicate the appeal rights provided by § 2734 for a "revocation" of a driver's license.[6, 7] The Chancellor for the decision further explained that:

> Try as I may, I simply cannot equate a 'denial' of a license with a 'suspension.' The English language has its limitations and words often sound alike but mean something quite different, or sound different but mean the same thing. But 'denial' and 'suspension' do not sound alike, look alike, or mean the same thing. Section 2734 probably should be amended to provide appeal rights to a person whose license has been suspended as well as revoked, but that calls for action by the General Assembly, not by the Court of Chancery.[8]

Over 40 years has now passed since the *Broughton v. Warren* decision. During that period, the General Assembly for the State of Delaware has not amended § 2734 to provide for an appeal from a suspension of a driver's license. Therefore, this Court finds that § 2734 does not confer jurisdiction to hear the instant appeal of the suspension of the appellant's driver's license.

---

[1] See 21 *Del. C.* § 2734.

[2] Pursuant to 21 *Del. C.* § 101(13), "Department" is defined as the Department of Transportation and its duly authorized officers and agents. The Division of Motor Vehicles is a division of the Department of Transportation.

[3] *Broughton v. Warren*, 281 A.2d 625 (Del. Ch. 1971).

[4] *Id.* at 626-627.

[5] In *Broughton v. Warren*, the plaintiff's license had been suspended indefinitely by DMV for committing a "revocable offense-pending trial." *Id.* at 626. The plaintiff moved for a preliminary injunction seeking to enjoin DMV from suspending his license on due process grounds. *Id.* DMV argued that the Court of Chancery had no jurisdiction for the preliminary injunction as the plaintiff had an adequate remedy at law, i.e. a right of appeal to the Superior Court pursuant to 21 *Del. C.* § 2734. *Id.* The Court of Chancery disagreed and found that § 2734 did not provide jurisdiction to Superior Court to hear an appeal of a suspension of a driver's license.

[6] *Id.* at 626-627.

[7] It should be noted that neither party in this case attempts to equate the term "suspension" with "revocation" for appeal purposes under 21 *Del. C.* § 2734 either.

[8] *Id.* at 627 (internal citations omitted).

3

B. Applicability of 29 *Del. C.* § 10142.

Section 10142(a) of title 29 of the Delaware Code (in the Delaware Administrative Procedures Act) provides that "[a]ny party against whom a case decision has been decided may appeal such decision to the Court."[9] However, this general right of appeal of case decisions made by administrative agencies does not apply to administrative proceedings held by DMV. Section 10161(a) of title 29 of the Delaware Code provides that the relevant chapter, which contains § 10142(a), applies only to a defined list of agencies, of which neither DMV and the Department of Transportation are included. Section 10161(b) of title 101 further provides that "[a]ll agencies which are not listed in subsection (a) of this section shall only be subject to subchapters I and II of this chapter and §§ 10141, 10144 and 10145 of this title."[10] Section 10142(a) is found in subchapter V of chapter 101 of the Delaware Code. Therefore, its provisions do not apply to DMV decisions as DMV is not listed in section 10161(a). Additionally, the Court notes that pursuant to 29 *Del. C.* § 10102(4) the term "Court" as contained in § 10142(a) refers to the Superior Court of the State of Delaware (except for appeals from the Division of Child Support Enforcement, which will be heard by the Family Court of the State). Therefore, the general right of appeal of case decisions made by administrative agencies provided by 29 *Del. C.* § 10142(a) clearly does not provide a right of appeal of a suspension of a driver's license to the Court of Common Pleas.

---

[9] See 29 *Del. C.* § 10142(a).
[10] See 29 *Del. C.* § 10161(b).

4

## CONCLUSION

Given the Court's findings of fact and law for the instant case, the Court holds that the Court of Common Pleas lacks jurisdiction to consider appeals from DMV decisions made pursuant to 29 *Del. C.* § 2733 that suspend a person's driver's license. Therefore, the appellant's appeal of the suspension of his driver's license pursuant to 21 *Del. C.* § 2733(a)(5) is dismissed.

**IT IS SO ORDERED this 11th day of December, 2017.**

CHARLES W. WELCH
JUDGE

5