459 P.2d 82

**The STATE of Arizona, Appellee,**

v.

**Daniel Lee GRAY, Appellant.**

**No. 1967.**

Supreme Court of Arizona.

In Division.

Sept. 29, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag, Special Asst. Atty. Gen., Phoenix, for appellee.

Charles W. Stokes, Casa Grande, for appellant.

HAYS, Justice.

Defendant pleaded guilty to a charge of armed robbery, for which he was sentenced to serve not less than five nor more than six years at the State Penitentiary at Florence. He has appealed the sentence solely on the basis that an abuse of discretion was committed by the sentencing judge in failing to suspend the sentence and place the defendant on probation. Oral argument was waived before this court, and the appeal was submitted on briefs.

A sentencing judge clearly has the discretionary power to place a defendant on probation where "it appears that there are circumstances in mitigation of the punishment, or that the ends of justice will be subserved thereby, * * *." A.R. S. § 13–1657, subsec. A. In determining whether or not probation is warranted in a particular case, the judge may take into account "any circumstances in mitigation of the punishment that might exist." State v. Bigelow, 76 Ariz. 13, 258 P.2d 409, 39 A.L.R.2d 979 (1953). In State v. Douglas, 87 Ariz. 182, 349 P.2d 622 (1960), we discussed the bounds of such discretion:

"* * * On several occasions this court has discussed the meaning of 'discretion' in its legal context. The essence of these holdings has been that 'discretion' means a 'sound discretion,' and that an abuse of discretion occurs when the decision is characterized by capriciousness or arbitrariness or by a failure to conduct an adequate investigation into the facts necessary for an intelligent exercise thereof." 87 Ariz. at p. 187, 349 P.2d at p. 625.

We do not find that the sentencing judge was arbitrary or capricious in his refusal to grant the defendant probation.

The only other question, then, is whether the judge failed "to conduct an

·adequate investigation into the facts necessary for an intelligent exercise" of his discretion. Defendant was sentenced on September 11, 1968. The minutes of the proceedings show no indication of a request for a hearing in mitigation, and apparently none was had. The minutes do indicate however that the defendant and his counsel were questioned prior to the sentencing. The change of plea to guilty was made on July 18, 1968, and we can only assume that during the intervening 7 weeks or more a proper pre-sentence report was made and presented to the court.

The record presented on appeal does not reflect an inadequate investigation, and we are unable to find that the judge abused the discretion afforded him under A.R.S. § 13–1657.

Affirmed.

UDALL, C. J., and STRUCKMEYER, J., concur.