502 P.2d 161

David H. CAMPBELL, Superintendent, Motor Vehicle Division, Arizona Highway Department, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, and the Honorable Howard V. Peterson, a judge thereof, and Real Party in Interest, Thomas W. SHORES, Respondents.

No. 10982.

Supreme Court of Arizona, In Banc.

Oct. 11, 1972.

**480**

Gary K. Nelson, Atty. Gen., by Donald O. Loeb, Phoenix, for petitioner.

John G. Contreras, Phoenix, for respondents.

HAYS, Chief Justice.

This is a special action brought by the motor vehicle division of the Arizona Highway Department against Howard V. Peterson and the superior court of which he is a judge. We accepted jurisdiction on September 12, 1972.

The judge made complete findings of fact which appear to be justified by the evidence, even though he erroneously denominated some of them as conclusions of law. The findings indicate that Thomas W. Shores, having been arrested and charged with driving while intoxicated, refused to take a breath test; that after following proper procedures, Shores' driver's license was suspended; that the highway department, after a proper hearing, upheld the suspension; and that Shores brought a special action in the superior court to rescind the suspension and to stay the order requiring him to surrender his driver's license.

The court found no fault with the procedures preceding the court action but concluded as a matter of law that:

"*This court has the authority to qualify the penalty . . . and substitute therefore (sic) in lieu of suspension, the requirement that plaintiff attend and successfully complete approved training and educational sessions designed to improve the safety and habits of drivers as contemplated by A.R.S. Sec. 28–466 . . . .*" (Emphasis added.)

The sole issue in this case is whether the statement italicized above is a correct statement of the law of Arizona. We hold that it is not.

The highway department's procedures were very obviously instituted under A.R.S. § 28–691 and this fact is clearly recognized by Judge Peterson, whose findings of fact and conclusions of law refer to this statute and conclude that:

"The order of suspension complained of was properly and lawfully entered."

Subsection F of A.R.S. § 28–691 provides that if, after the highway department hearing, the suspension is sustained, the person affected:

"[S]hall have the right to file a petition in the superior court to review the final order of suspension . . . *in the same manner and under the same conditions as is provided in § 28–451* in the cases of discretionary suspensions. . . ." (Emphasis added.)

A.R.S. § 28–451 provides:

"A person . . . whose license has been . . . suspended . . . shall have the right to file a petition . . . for a hearing in the matter in the superior court . . . and it shall be its duty . . . to take testimony and examine into the facts of the case and to determine whether the petitioner is entitled to a license or is subject to suspension. . . ."

We think that it is clear that § 28–691, subsec. F, *supra*, recognizes that suspension is mandatory, since it refers to the right to a review just as "in cases of discretionary suspensions." A.R.S. § 28–691, subsec. D, fortifies this conclusion by providing that when the proper procedures have been followed, the highway department "*shall* suspend" the offender's driver's license. (Emphasis added.)

 It follows that the right to secure review by the superior court, provided in § 28–451, *supra*, gives that court only the power to determine whether the offender is entitled to a license or is subject to suspension. Such a review is merely for the

purpose of ascertaining whether the highway department's action conformed to due process, and not for the purpose of determining whether the reviewing court thought that some other punishment might be more appropriate.

It is Shores' position that the statutes cited above are ambiguous, not because of any inherent ambiguities, but because of the existence of another statute—A.R.S. § 28–446, subsec. A, par. 9, which provides that the *highway department* may, in the case of a refusal to take a breath test, *either* suspend the offender's license *or* send him to the drivers' training and educational sessions available to improve the safety and habits of drivers. In short, under A.R.S. § 28–691, refusal to take the breath test makes suspension of the license mandatory, while under A.R.S. § 28–446, subsec. A, par. 9, the department has a choice. But there is nothing in either statute that gives the superior court a choice; the *department* may elect to proceed under either statute, and the court may review the procedures by which the department arrives at its decision to suspend; but a court which has reviewed the procedures and found them proper, has no alternative but to affirm the decision to suspend the license.

 Shores' counsel argues that we should take judicial notice that the department hearings are mere shams, because the department always believes the officer and refuses to believe the driver. We reject this argument completely. This is not a matter of which we can take judicial notice. More important, even if we did take judicial notice that this condition existed, it would be inapplicable here, where the superior court judge made a specific finding that the offender was warned of the consequences and refused to take the test and that the order of suspension was properly and lawfully entered. Having made those findings, the *judge* had no power to change the punishment, despite the

fact that the *department* had alternative punishments available.

Counsel argues that it is absurd that the department has a broader range of punishments available than the court which is authorized to review the decision. This argument fails to take cognizance of the fact that on appeal and on review, the appellate court is always in that position, because the law in its wisdom has always held that the lowest echelon has the best opportunity to observe the witnesses, and administrative tribunals have the experience and expertise to know better than the appellate courts, what punishments are most likely to accomplish the ends of the legislation under which the proceedings take place. It is too well settled to require citation, for example, that on appeal the sentence ordered by a judge in a criminal case will not be modified by an appellate court so long as it is within the statutory limits and no special inequity exists.

We hold, therefore, that the order of Judge Peterson, substituting training and educational sessions for the suspension of Shores' driver's license, is void and an abuse of discretion. *Cf.* Campbell v. Superior Court of the State of Arizona, in and for the County of Maricopa, and the Honorable Howard V. Peterson, a judge thereof, and Real Party in Interest, Sarkis Deradourian, 107 Ariz. 330, 487 P.2d 397. In that case we held that the judge, reviewing a suspension order of the highway department, abused his discretion in vacating the suspension merely because the offender had pleaded guilty to the charge of driving while intoxicated.

The order of Judge Peterson is vacated, and the order of suspension is reinstated.

CAMERON, V. C. J., and STRUCKMEYER, HOLOHAN, and LOCKWOOD, JJ., concur.