506 P.2d 254

**STATE of Arizona, Plaintiff,**

v.

**Rutherford Sean HAYS, Defendant.**

**No. 2531.**

Supreme Court of Arizona,
In Banc.

Feb. 5, 1973.

Moise Berger, Maricopa County Atty., by James C. Martin, Deputy County Atty., Phoenix, for plaintiff.

Donald E. Wolfram, Phoenix, for defendant.

HAYS, Chief Justice.

The Superior Court has certified to us the following question:

"Does Arizona Revised Statutes section 32–1996(C), as amended, 1970 require the Court to impose a sentence of 'one (1) year to life.'?"

A.R.S. § 32–1996, subsec. C reads as follows:

"[I]f . . . possession of a dangerous drug is with the intent of selling, [the possessor] shall be punished by imprisonment in the state prison for a term of one year to life."

Defendant argues that A.R.S. § 32–1996, subsec. C conflicts with A.R.S. § 13–1643, subsec. A and with Arizona cases which clearly indicate the desire of both the legislature and this court to allow the trial judge some leeway, in order to make the punishment fit the offender rather than the crime. He contends that the conflict is irreconcilable and that the only solution is to declare § 32–1996, subsec. C a nullity.

The county attorney also argues that the two statutes are irreconcilable, but his recommended solution is to read § 32–1996, subsec. C as if it said that the punishment should be "not less than one year nor more than life."

■ This state is committed to the idea of indeterminate sentences. Ard v. State, 102 Ariz. 221, 427 P.2d 913. Such sentences are a mandatory requirement, even where the statute sets only the minimum or maximum, but not both. Under the indeterminate sentence procedures, the actual time served within the framework of the sentence depends upon the parole board's view of the prisoner's record, rehabilitation, and prospects of becoming a good citizen when set free. That, however, is just what will happen as the statute now reads. The trial judge will impose a sentence within that range—for example, not less than five nor more than eight years. The parole board will still determine the actual amount of time served. It is true that the trial judge is not given any discretion under the present statute, but the sentence is still indeterminate.

■ The change desired in this matter is a prerogative of the legislature, and not of this court. When the legislature prescribes a specific indeterminate sentence for the conviction of a crime, the trial court has no discretion to substitute its own judgment for that of the legislature. See Campbell v. Superior Court, 108 Ariz. 479, 502 P.2d 161.

In the area of narcotic drugs, A.R.S. § 36–1002 et seq., we see manifested an intention to limit the discretion of the trial judge in sentencing. In limited situations, the judge is restricted in his usual discretionary function of granting probation. Our subject statute, 32–1996, subsec. C, reflects a similar legislative limitation on the judge's discretion, but it is still within the purview of the indeterminate sentencing scheme.

■ The answer to the certified question is in the affirmative, and the case is remanded to the Superior Court for sentencing in accordance with the above interpretation of the statute.

CAMERON, V. C. J., and STRUCK-MEYER, LOCKWOOD and HOLOHAN, JJ., concur.