508 P.2d 335

**STATE of Arizona, Appellee,**
v.
**Thomas Bowling TYREE, Appellant.**
**No. 2497.**

Supreme Court of Arizona,
In Banc.
April 4, 1973.
Rehearing Denied May 8, 1973.

**260**

Gary K. Nelson, Atty. Gen., Phoenix, by Howard L. Fell, Asst. Atty. Gen., Tucson, for appellee.

Howard A. Kashman, Former Pima County Public Defender, Edward P. Bolding, Pima County Public Defender, by William H. Callaway, Deputy Public Defender, Tucson, for appellant.

HOLOHAN, Justice.

The defendant, Thomas Bowling Tyree, was charged by an indictment in 5 counts for the sale of narcotics and dangerous drugs and possession of dangerous drugs for sale. As a result of a plea bargain two counts of the indictment which charged the sale of heroin and the unlawful possession of a dangerous drug were dismissed, and the defendant Tyree pled guilty to the remaining three counts of the indictment which charged the unlawful sale of cocaine, the unlawful sale of a dangerous drug (amphetamines) and the unlawful possession of dangerous drugs for sale (amphetamines). The trial court examined the defendant fully to determine the voluntariness of the plea, and thereafter he accepted the plea of guilty by the defendant to the remaining three counts of the indictment. Subsequently the trial court sentenced the defendant to confinement for a period of 5 to 7 years for the unlawful sale of cocaine and 1 to 3 years on each of the remaining counts. The terms of the sentence were ordered to run concurrently.

The only question raised by the defendant on appeal is whether the sentence imposed was excessive.

A conviction for the unlawful sale of a narcotic such as cocaine leaves the trial court with very little discretion. A.R.S. § 36–1002.02, subsec. A provides that such an offense "shall be punished by imprisonment in the state prison from five years to life . . . ." Instead of confinement, the trial court may suspend the imposition of sentence and place a defendant on probation.

Counsel for the defendant urge that the defendant should have been granted probation rather than confined. Counsel for the defendant argued to the trial court that the only rehabilitation for the defendant which could occur would be under a program which is not available in the prison system. The defense noted that the defendant was 22 years of age and addicted to narcotics. A local facility had agreed to accept the defendant in their program and he was willing to submit himself to its program.

The question of whether the sentence imposed by a trial court is excessive has been considered by us on many occasions. In State v. Fischer, 108 Ariz. 325, 498 P.2d 147 (1972), we had occasion to review the cases on the subject and to again hold that the matter of sentencing is within the discretion of the trial court and will not be disturbed unless there is a clear abuse of discretion.

The very important factor which counsel for the defense passes over in this case is the fact that the conviction is not for possession of the narcotic, but the conviction is for the unlawful sale of narcotics and also the unlawful sale of dangerous drugs. The defendant had involved himself in the traffic of drugs, and this supplies ample basis upon which the trial court could conclude that it was more important that the defendant should be prevented from further activity in the sale of drugs and narcotics rather than free on probation in a program of rehabilitation where his movements would not be controlled.

Additionally, the defense conceded to the trial court that it was very possible that the program would not work, but the defense urged that it was a better alternative than confinement.

With the options available to the trial court of either probation or the term of confinement provided by law, and considering the circumstances, the court acted with sound discretion.

The sentence imposed by the trial court was imposed prior to our decision in State v. Hays, 109 Ariz. 123, 506 P.2d 254 (1973). The defendant was convicted of violating A.R.S. § 32–1970, subsection B and subsection C. As we pointed out in State v. Hays, supra, the penalty provided for a violation of the above sections is found in A.R.S. § 32–1996, subsec. C which is "imprisonment in the state prison for a term of one year to life." If confinement is imposed by the trial court pursuant to A.R.S. § 32–1996, subsec. C the term that must be imposed is one year to life. The minimum and maximum are provided by the statute and there is no discretion in the trial court to make any sentence other than the one year minimum and the maximum of life imprisonment. Similarly, A.R.S. § 36–1002.02, subsec. A which prescribes the punishment for the unlawful sale of narcotics provides "imprisonment in the state prison from five years to life." The statute leaves no discretion as to minimum or maximum, and the legal sentence is 5 years as a minimum and the maximum is life imprisonment. Trial judges have no discretion to impose any other kind of sentence when confinement is adjudged. The legislature has seen fit to limit the discretion of the trial court in this area, and if there is to be a change the decision is for the legislature—not the courts.

The issue of the legality of the sentence was not raised by the state although it could have done so by taking an appeal. A.R.S. § 13–1712, subsec. 6. Before the acceptance of the plea of guilty the defendant was advised by the court that the maximum punishment was life imprisonment, but the defendant is certainly not urging that the sentence be increased. Since the sentence imposed was not challenged by the state we deem the issue waived. We do not condone the sentence and continue to adhere to our interpretation of the limits required by the statute set forth in State v. Hays, supra.

The judgment of conviction and sentence of the trial court is affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.