508 P.2d 730

**STATE of Arizona, Appellee,**

v.

**Fernando Soza MORENO, Appellant.**

**No. 2454.**

Supreme Court of Arizona,
In Banc.

April 12, 1973.

Rehearing Denied May 8, 1973.

Gary K. Nelson, Atty. Gen., Phoenix, by Howard L. Fell, Asst. Atty. Gen., Tucson, for appellee.

Edward P. Bolding, Pima County Public Defender, by William H. Callaway, Deputy Public Defender, Tucson, for appellant.

HOLOHAN, Justice.

Fernando Soza Moreno entered a plea of guilty to a charge of sale of heroin in violation of A.R.S. § 36–1002.02. He appeals his conviction and sentence of 8 to 10 years in the State Prison raising one issue: Was the sentence excessive in light of the fact that a witness at a mitigation hearing testified that Moreno would be accepted in a drug rehabilitation program if probation were ordered?

We have held that in determining what sentence a defendant should receive "the trial judge is, in most instances, better able than we to evaluate him and to determine what is necessary to rehabilitate him to constructive activity." State v. Maberry, 93 Ariz. 306, 309, 380 P.2d 604, 606 (1963). Absent a showing of arbitrary or capricious action on the part of a trial judge, the imposition of a lawful sentence and the denial of probation will be sustained on appeal. State v. Gray, 105 Ariz. 30, 459 P.2d 82 (1969). Where, as here, probation is denied for an admitted seller of heroin, we feel no compulsion to invalidate the action of the trial court. A denial of probation to one who sells narcotics is certainly not an action which we consider to be arbitrary or capricious. See State v. Tyree, 109 Ariz. 259, 508 P.2d 335 (1973).

In searching the record of this case for fundamental error as required in A.R.S. § 13–1715, and Anders v. California, 386 U. S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493

(1967), we have found two irregularities. One concerning the plea taking, and the other dealing with the legality of the sentence.

 While the record reflects that the plea was voluntarily made, there is nothing in the record to show that the defendant was advised that he was waiving two rights deemed fundamental in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Since there is no showing that Moreno knew he was waiving both the right to confront his accusers, Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), and the privilege against self-incrimination, Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed. 2d 653 (1964), the trial court is directed to make findings of fact concerning these matters and to advise this Court of those findings. State v. Darling, 109 Ariz. 148, 506 P.2d 1042 (1973).

Also, we have found that the sentence in the present case does not comply with the law. In State v. Tyree, supra, we pointed out that A.R.S. § 36–1002.02, provides for a mandatory punishment of 5 years to life. See State v. Hays, 109 Ariz. 123, 506 P.2d 254 (1973). No discretion lies in the trial court to alter that term of sentence save for the granting of probation. Although the defendant in State v. Tyree, supra, was not prejudiced by his improper sentence, here Moreno's 8 year minimum is 3 years more than the 5 year minimum prescribed by the statute. A.R.S. § 36–1002.02 subsec. A. A showing of prejudice in the sentence requires that the sentence be made to conform with the law.

In the present case there would be no alternative but to correct the sentence of 8 to 10 years to a term of 5 years to life.

On remand if it is found that the defendant was not advised of the rights mentioned above, the plea should be set aside and the original information reinstated. However, if the trial court finds that Moreno knew of the rights he was waiving, the court will make findings of fact and impose the legal sentence of 5 years to life.

Thereafter, the record together with the findings of the trial court will be returned to this Court, and if there is evidence to support the findings that the plea of guilty was knowingly made, we will affirm the conviction.

The case is hereby remanded for proceedings consistent with this opinion.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER, and LOCKWOOD JJ., concur.