512 P.2d 9

The STATE of Arizona, Appellee,

v.

Anthony LEWIS, Appellant.

No. 2738.

Supreme Court of Arizona,

In Banc.

July 17, 1973.

Gary K. Nelson, Atty. Gen., by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

This is a motion by the defendant to suspend an appeal to this court and to remand to the trial court for resentencing pursuant to previous cases of this court: State v. Hays, 109 Ariz. 123, 506 P.2d 254 (1973); State v. Tyree, 109 Ariz. 259, 508 P.2d 335 (1973); and State v. Moreno, 109 Ariz. 266, 508 P.2d 730 (1973).

The only question before this court is whether we should follow these prior decisions and therefore order the trial court to resentence for the statutory minimum and maximum only or to overrule these three decisions and allow the sentence imposed in this case to stand.

The facts necessary for a determination of this matter are as follows. The defendant was convicted by a jury on 21 February 1973 of the crime of sale of narcotic drugs. § 36–1002.02, subsec. A A.R.S. This statute provides that a person so convicted shall be "punished by imprisonment in the state prison from five years to life, and shall not be eligible for release upon completion of sentence, or on parole, or on any basis until he has served not less than five years in prison." § 36–1002.02, subsec. A A.R.S. The defendant was sentenced on 21 March 1973 to a term of not less than ten nor more than life imprisonment and a notice of appeal was timely filed.

We have previously stated, concerning § 32–1996, subsec. C A.R.S., which provides for a "term of one year to life" for possession of dangerous drugs, as follows:

"In the area of narcotic drugs, A.R.S. § 36–1002 et seq., we see manifested an intention to limit the discretion of the trial judge in sentencing. In limited situations, the judge is restricted in his usual discretionary function of granting probation. Our subject statute, 32–1996, subsec. C, reflects a similar legislative limitation on the judge's discretion, but it is still within the purview of the indeterminate sentencing scheme." State v. Hays, supra, 506 P.2d at 255.

And:

"The sentence imposed by the trial court was imposed prior to our decision in State v. Hays, 109 Ariz. 123, 506 P.2d 254 (1973). The defendant was convicted of violating A.R.S. § 32–1970, subsection B and subsection C. As we pointed

out in State v. Hays, supra, the penalty provided for a violation of the above sections is found in A.R.S. § 32–1996, subsec. C which is 'imprisonment in the state prison for a term of one year to life.' If confinement is imposed by the trial court pursuant to A.R.S. § 32–1996, subsec. C the term that must be imposed is one year to life. The minimum and maximum are provided by the statute and there is no discretion in the trial court to make any sentence other than the one year minimum and maximum of life imprisonment. Similarly, A.R.S. § 36–1002.02, subsec. A which prescribes the punishment for the unlawful sale of narcotics provides 'imprisonment in the state prison from five years to life.' The statute leaves no discretion as to minimum or maximum, and the legal sentence is 5 years as a minimum and the maximum is life imprisonment. Trial judges have no discretion to impose any other kind of sentence when confinement is adjudged. The legislature has seen fit to limit the discretion of the trial court in this area, and if there is to be a change the decision is for the legislature—not the court." State v. Tyree, supra, 508 P.2d at 337.

While we have no doubt as to the language of the statutes construed in Hays, Tyree and Moreno, supra, it is apparent after further consideration by this court that the interpretation we have placed upon the statutes does not properly reflect the intent of the legislature. Our statutes provide a general rule of statutory construction:

"C. The rule of the common law that penal statutes shall be strictly construed has no application to these revised statutes. Penal statutes shall be construed according to the fair import of their terms, with a view to effect their object and to promote justice." § 1–211, subsec. C A.R.S.

Our general statute on indeterminate sentencing states:

"A. When a person is convicted of a felony other than murder in the first degree and sentenced to imprisonment in the state prison, the court shall pronounce upon such person an indeterminate sentence of imprisonment in the state prison, stating in such sentence the minimum and maximum limits thereof, fixing as the minimum a term not less than the minimum prescribed for the punishment of such offense, and as the maximum not more than the maximum prescribed for the punishment of such offense.

"B. When a crime is declared punishable by imprisonment in the state prison for a term not less than a specified number of years, or not more than a specified number of years, the court may designate, in the sentence, such number of years as it deems proper as the maximum or minimum sentence." § 13–1643 A.R.S.

And our Court of Appeals has stated:

"Determination of the intent of the legislature is the primary consideration and takes precedence over other rules of statutory construction. (citations omitted) If the meaning of the language used in an act is doubtful, it should be given a construction, if possible, that will reconcile it with the general purposes of the act. (citations omitted) Consideration must be given to both the evil to be remedied and the result which the legislature desired to reach. (citations omitted) The Court may determine the legislative intent from necessary implication as to what was intended. (citations omitted) Statutes must be interpreted in such a manner as to apply to the myriad of situations which will be presented thereunder." State v. Zumwalt, 7 Ariz. App. 348, 352, 439 P.2d 511, 515 (1968).

When the statute (§ 36–1002.02, subsec. A A.R.S.) is read with the indeterminate sentence statute, it would appear that the legislature intended that the punishment should be *not less* than five years *nor more*

**468**

than life, rather than for a strict term of from one year to life. Although it might appear that we have a clear conflict between the intent of the legislature and the statement in the statute in that it is logically arguable that when a statute says "for a term of one year to life" or "for a term of five years to life" that the sentencing judge is thus limited, we believe the more rational interpretation "according to the fair import of their terms, with a view to effect their object and to promote justice," § 1–211 A.R.S., is that the statutes be read to include any term within the proscribed minimum and maximum, here not less than 5 years nor more than life, and that the sentence in the instant case for not less than 10 years nor more than life being within the statutory minimum and maximum is permissible.

The prior decisions of this court, State v. Hays, State v. Tyree, and State v. Moreno, supra, holding to the contrary are by this opinion overruled.

The motion of the defendant Lewis to suspend appeal is denied.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.