108 Ariz. 338, 498 P.2d 205 (1972), and State v. Coward, 108 Ariz. 270, 496 P.2d 131 (1972).

 Finally, appellant claims that the trial court shifted the burden to him of proving his innocence rather than requiring the prosecution to prove guilt. At issue is the language of the instruction to the jury stating that the burden was on the appellant to prove circumstances of mitigation and justification. What appellant overlooks are the additional statements by the court emphasizing that the defendant never has the burden of proving innocence. Furthermore, a reading of the instructions as a whole indicates that no reversible error was committed.

The judgment of conviction and sentence are affirmed.

CAMERON, V. C. J., and DONOFRIO, Court of Appeals Judge, concur.

Note: FRANCIS J. DONOFRIO, Judge of the Court of Appeals, Division One, was called to sit in this matter.

Moise Berger, Maricopa County Atty., by William J. Friedl, Deputy County Atty., Phoenix, for petitioner.

Ross P. Lee, Maricopa County Public Defender by Paul J. Prato, Deputy Public Defender, Phoenix, for respondents.

PER CURIAM.

The Superior Court's ruling of August 29, 1973 holding Vergil Lee Pate's statements involuntary because he did not specifically state he waived counsel is set aside and vacated. The answering to questions after the giving of a proper Miranda warning constitutes a waiver by conduct.

513 P.2d 935

**STATE of Arizona ex rel. Moise BERGER, Maricopa County Attorney, Petitioner,**

v.

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, the Honorable Charles D. Roush, Judge thereof; and Vergil Lee PATE, Real Party in Interest, Respondents.**

No. 11315.

Supreme Court of Arizona, In Banc.

Sept. 6, 1973.

513 P.2d 935

**Gary Lee TRIANO, Appellant and Cross-Appellee,**

v.

**John W. MASSION, II, Appellee and Cross-Appellant.**

No. 11306.

Supreme Court of Arizona, In Banc.

Sept. 4, 1973.