519 P.2d 41

**STATE of Arizona, Appellee,**

v.

**Francisco Rendon PINEDA, Appellant.**

**No. 2633.**

Supreme Court of Arizona,
In Banc.

Feb. 28, 1974.

Gary K. Nelson, Atty. Gen., by Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

Jim D. Smith, Yuma, for appellant.

HOLOHAN, Justice.

Francisco Rendon Pineda by this appeal seeks to set aside his conviction of the offense of importation of heroin in violation of A.R.S. § 36–1002.02(A), and his sentence to confinement for not less than twenty years nor more than forty years.

Appellant raises three issues in his appeal: the sufficiency of the evidence to support the admission of the confession of appellant; whether appellant waived his "Miranda rights"; and the validity of the sentence imposed.

The facts necessary for a determination of the questions on appeal are that on June

13, 1972 Mr. Ronnie Suffle of the Yuma County Sheriff's Office received information by telephone from a reliable informant that the appellant would be in a 1965 Chevrolet automobile having California license plates in the parking lot of Denny's Restaurant in Yuma, Arizona with a quantity of heroin from Mexico for sale. He was told the appellant would be in the restaurant parking lot at 7:00 p. m., answering to the name Jerry, and he would have in his possession approximately fourteen ounces of heroin. Agent Suffle contacted local and federal officers requesting their assistance in making the arrest.

Agent Suffle drove to the restaurant's parking lot at approximately 7:00 p. m. and found a car and person matching the descriptions given him by the informant. The narcotics agent asked appellant if he was Jerry, and, upon receiving an affirmative reply, he identified himself as a police officer and placed appellant under arrest.

Raul Macias, a U. S. Customs Agent, and various other police officers arrived on the scene soon thereafter, and appellant was placed in the custody of the federal officer. A search of the vehicle was made at the scene, and fourteen ounces of heroin were found concealed in the car.

Agent Macias testified that he advised appellant fully of his Miranda rights, and the appellant indicated he understood them. Macias testified that appellant told him that he was a Mexican national from San Luis, Mexico; that he met one John White who sought to purchase heroin; that appellant took White to the home of a man called DeLopez where White made a deal to buy sixteen ounces of heroin, and DeLopez agreed to get the narcotic by automobile to San Luis, Arizona where appellant would pick it up and drive it to Yuma for delivery to White; that White would pay $16,000 to appellant who was to bring the money back to Mexico where he would be paid $500. Appellant told the agent that the plan was carried out except that appellant became fearful of the police, and,

after delivering two ounces of the narcotic to White, he arranged to meet White at Denny's Restaurant in Yuma where the remainder of the heroin would be turned over to White.

Appellant's first contention is that the confession should not have been admitted in evidence because the corpus delicti had not been independently proven before the confession was offered. The general rule is that before a confession or incriminating statement is admissible there must be submitted other evidence outside the confession or statement tending to prove corpus delicti. State v. Hernandez, 83 Ariz. 279, 320 P.2d 467 (1958). To establish corpus delicti there must be some proof independent of the statement: (1) that a certain result has been produced, and (2) that someone is criminally responsible for the act. State v. Thomas, 78 Ariz. 52, 275 P.2d 408 (1954); State v. Hernandez, *supra.*

The degree of proof required for establishing the foundation proof of the corpus delicti before the confession is admissible was stated in Hernandez:

". . . the foundational proof by independent evidence is adequate for the purpose of allowing the use of confession or incriminating statements if it is sufficient, assuming it is true, to warrant a reasonable inference that the crime charged was actually committed by some person. If such preliminary proof has been submitted the confession or statements may then be used to assist in proving the corpus delicti beyond a reasonable doubt, the degree necessary for conviction." 83 Ariz. at 282, 320 P.2d at 469.

Was there independent evidence from which the corpus delicti could be inferred? The independent evidence discloses that an informant gave information that the appellant would be in possession of heroin which had come from Mexico. When appellant was arrested he was found

to be in possession of heroin. The appellant is a Mexican national, and his possession of heroin was in the City of Yuma a few miles from the Mexican border.

From these facts at least an inference may be drawn that the heroin was illegally imported. Especially important is the last fact—the drug was heroin. In Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610, reh. den. 397 U.S. 958, 90 S.Ct. 939, 25 L.Ed.2d 144 (1970) Mr. Justice White, speaking for the Court in a case which dealt with statutory presumptions and the inferences that heroin comes from without the United States, stated:

". . . the inference authorized by the section, although frequently challenged, has been upheld in this Court and in countless cases in the district courts and courts of appeals, these cases implicitly reflecting the prevailing judicial view that heroin is not made in this country but rather is imported from abroad. If this view is erroneous and heroin is or has been produced in this country in commercial quantities, it is difficult to believe that resourceful lawyers with adversary proceedings at their disposal would not long since have discovered the truth and placed it on record.

"This view is supported by other official sources. In 1956, after extensive hearings, the Senate Committee on the Judiciary found no evidence that heroin is produced commercially in this country. The President's Commission on Law Enforcement and Administration of Justice stated in 1967 that '[a]ll the heroin that reaches the American user is smuggled into the country from abroad, the Middle East being the reputed primary point of origin.'" 396 U.S. at 409–411, 90 S.Ct. at 649.

When this inference is coupled with the fact that the heroin was found in a border town in the possession of an alien, the total effect is an independent corroboration warranting a reasonable inference that the crime charged was actually committed by some person. With such foundational evidence presented, the confession if otherwise sufficient was admissible.

■ Next, the appellant contends that there was no showing that he expressly waived his "Miranda rights." The record clearly supports the conclusion that appellant was fully advised of his constitutional rights prior to the questioning. This advice was given in appellant's native language, Spanish.

"Q. Mr. Macias, you stated that you advised the defendant of his rights after placing him up against the car; is that correct?

"A. That's correct.

"Q. And what language did you advise him please?

"A. Spanish.

"Q. All right. Could you relate to the Court, as best you can recall, what you advised the defendant? I'll ask you to do it in English at this time. Could you tell us what you advised the defendant in the way of informing him of his rights at that time?

"A. Yes. I advised him that he had the right to remain silent; that anything he said could be used against him in Court; that he had the right to the presence of an attorney, or to consult an attorney before any questioning, or before he made any statements. And that the attorney could be present while he was being questioned, if he wanted to make a statement. That if he could not afford an attorney, then one would be appointed for him by the Court. He also had the right to—if he decided to talk to us then, or at a later date, to stop talking or to stop making a statement or answering questions at any time he desired, or that he could stop answering questions or making a statement for the purpose of consulting an attorney if he so desired. However, he had—also the right to waive these constitutional rights and to

talk to us if he wished. I asked him if he understood and he replied, 'Yes.' " (R.T. pages 72–3)

We held last year that answering questions, after the giving of a proper warning of constitutional rights, constitutes a waiver by conduct. State ex rel. Berger v. Superior Court, 109 Ariz. 506, 513 P.2d 935 (1973).

■ Finally the appellant urges his sentence was invalid based on our decision in State v. Hays, 109 Ariz. 123, 506 P.2d 254 (1973). That decision was specifically overruled in State v. Lewis, 109 Ariz. 466, 512 P.2d 9 (1973), and under *Lewis* the sentence imposed is valid.

It must be noted that the defendant was originally charged by information with two counts of violation of the narcotic drug act. Count One charged the importation of heroin and Count Two charged the possession of heroin for sale. After trial by jury the defendant was found guilty on both counts; however the trial judge imposed sentence only on Count One, the subject of this appeal, and the court declined to impose a sentence on Count Two feeling that Count Two was a lesser included offense within Count One and therefore not subject to a separate and additional sentence. Neither the defense nor the State have sought review of the actions of the trial court so we are not called upon to answer the question specifically. The trial court felt that our decision in State v. Arce, 107 Ariz. 156, 483 P.2d 1395 (1971) was authority for the position he took in this case. *Arce* dealt with two charges of possession, that is, possession of heroin and possession of heroin for sale, and this Court held that the charge of simple possession was merged in the more serious offense of possession for sale. It would appear that *Arce* is distinguishable from the present case in that there are separate and distinct elements involved in the proof of the two offenses charged, namely, importation of heroin and possession of heroin for sale.

Since neither party challenged the decision of the trial court on this point we will not disturb his decision.

Judgment affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.