564 P.2d 405

**STATE of Arizona, Appellee,**

v.

**Michael Warren WOOD, Appellant.**

**No. 1 CA–CR 2283.**

Court of Appeals of Arizona, Division 1, Department B.

May 3, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Diane M. DeBrosse, Asst. Atty. Gen., Phoenix, for appellee.

Paul W. Mercer, Phoenix, for appellant.

OPINION

EUBANK, Judge.

The appellant Michael Warren Wood has by this appeal challenged the power of the superior court to enter an order changing the date when his sentence began to run. The change in question was made because appellant failed to surrender himself at the time originally set by the court.

On May 8, 1975, appellant entered pleas of guilty to three consolidated charges of second degree burglary. On June 19, 1975, appellant was sentenced to three concurrent prison terms of not less than four nor more than five years for each offense. These judgments and sentences were affirmed on appeal by this Court on May 11, 1976, in a Memorandum Decision in consolidated cases Nos. 1409, 1410 and 1411.

At the sentencing, appellant stated that his mother was ill and requested that he be allowed some time to visit with her. The court accordingly fixed June 23, 1975, as

the time for appellant to surrender himself and to commence serving his sentence. Appellant, however, did not present himself as required on that date, and a bench warrant was issued for his arrest. It appears that appellant sojourned to California, and that he was not apprehended and brought back to Arizona by authorities until the latter part of July or August, 1976, almost a year later. Appellant was brought before the Court on September 1, 1976, at which time the date of commencement of the sentence was changed to July 23, 1976. The sentences were not altered in any other respect.

Appellant argues that the trial court was without jurisdiction to change the beginning time for service of the sentences, particularly after the sentences had been affirmed on appeal. We do not find any merit in this contention.

A.R.S. § 13–1652 provides as follows:

The term of imprisonment fixed by the sentence commences to run only upon actual delivery of defendant at the place of imprisonment, or from the time fixed by the court as the time when the term of imprisonment begins. If thereafter, during such term, the defendant by legal means is temporarily released from the imprisonment and subsequently returned thereto, the time during which he was at large shall not be computed as part of the term.

Pursuant to the second clause of the first sentence of this statute, Rule 26.10(b)(4) of the Rules of Criminal Procedure, 17 A.R.S., provides that "[t]he Court shall . . . [s]pecify the date from which the term of imprisonment . . . is to be computed."

 There is no question but that the trial court is without jurisdiction to modify a sentence after it has been affirmed on appeal. *State v. Guthrie*, 110 Ariz. 257, 517 P.2d 1253 (1974); *State v. Federico*, 104 Ariz. 49, 448 P.2d 399 (1968). It has always been the rule, however, that a convicted person cannot, either by absconding or by mere inaction, effectively diminish the length of a validly imposed sentence. *See Logan v. Eyman*, 13 Ariz.App. 223, 475 P.2d 513 (1970); 21 Am.Jur.2d, Criminal Law, §§ 544, 545 (1965); Annot., 98 A.L.R.2d 687, 691 (1964). Such is also the necessary, *a fortiori* implication to be drawn from the second sentence of A.R.S. § 13–1652. In ordering a change in the beginning date of appellant's sentences, the court was not in any sense modifying the sentences. It was merely giving effect to the aforestated statute and rule which appellant made operative by his own unlawful conduct. He will still serve the same length of time as originally sentenced. *State v. Falkner*, 112 Ariz. 372, 542 P.2d 404 (1975) dealt with a motion to modify filed pursuant to Rule 24.3, Rules of Criminal Procedure, 17 A.R.S., and did not deal with the situation *sub judice.*

There is no suggestion apart from the jurisdictional argument that the new date specified by the trial court was not proper.

Appellant also complains that the trial court wrongfully refused to consider or indicate that it would consider a petition for post-conviction relief. While the reporter's transcript of the proceedings of September 1, 1976, does contain a reference to such a petition or contemplated petition there is no petition for post-conviction relief in the record on appeal. That being the case, there is nothing concrete in this regard for us to consider.[1]

The sentences as defined in the September 1, 1976 proceedings and the minute entry thereon are affirmed.

SCHROEDER, P. J., and WREN, J., concur.

---

1. As to the availability of post-conviction relief, see generally *State v. Rogers*, 113 Ariz. 6, 545 P.2d 930 (1976); *State v. Guthrie*, 111 Ariz. 471, 532 P.2d 862 (1975); *State v. Rios*, 27 Ariz.App. 505, 562 P.2d 385 (1977) (filed Jan. 25, 1977); and *State v. Zebrowski*, 24 Ariz. App. 452, 539 P.2d 926 (1975), *approved*, 112 Ariz. 433, 543 P.2d 119 (1975).