723 P.2d 729

**STATE of Arizona, Appellee,**

v.

**Ronald K. AMBALONG aka Ronald Kim Ambalong, Appellant.**

**No. 1 CA–CR 9969.**

Court of Appeals of Arizona, Division 1, Department B.

Aug. 7, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Div., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

KLEINSCHMIDT, Judge.

This appeal has been filed in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Appellant was represented at all proceedings below and is represented on this appeal by counsel. Counsel has advised this court that after a diligent search of the entire record, he has been unable to find any reversible error upon which an appeal could be based. Counsel for appellant has asked this court to search the record for fundamental error under A.R.S. § 13–4035 and *State v. Powell*, 5 Ariz.App. 51, 423 P.2d 127 (1967). Appellant has been given an opportunity to file a supplemental brief in *propria persona*, but has not done so.

The appellant, pursuant to a plea agreement, pled guilty to theft, a class 3 felony. At the time he entered his plea he was completely advised of his constitutional rights and knowingly and voluntarily waived the same. There was a factual basis for the plea. The appellant was sentenced to the maximum aggravated sentence of ten years and the judge carefully stated his reasons for imposing the aggravated sentence. We have reviewed the entire record and we find no error that would require us to set aside the plea of guilty or the sentence of imprisonment imposed. We do observe that the trial judge failed to impose restitution. At sentencing the judge said:

> In view of the length of the prison sentence, which the court has given, and further in view of the information the court has received that the victim in this case may have attempted to overreach in obtaining benefits from her insurance company with respect to her loss, the court will not make any restitution order at this time.

We also observe that while the presentence report did allude to the victim's attempt to overreach in obtaining restitution the same report contained a clear basis upon which fair restitution could be made. The report recommended restitution. In 1984, our legislature amended A.R.S. § 13–603(C) to read as follows:

> If a person is convicted of an offense, the court *shall* require the convicted person to make restitution to the person who is the victim of the crime ... in the full amount of the economic loss as determined by the court and in the manner as determined by the court after consideration of the economic circumstances of the convicted person. (Emphasis added.)

This statute is mandatory. We recognize that in many cases the imposition of restitution is not realistic. That does not relieve the trial court of the duty to follow the terms of the statute. Unforeseeable circumstances may breathe life into an order for restitution that seems unenforceable when imposed. We believe that it was the duty of the state to insist upon the imposition of restitution. We originally issued an opinion in this case remanding to the trial court with directions to impose restitution. We vacated that opinion when the opinion in *State v. Tyree*, 109 Ariz. 259, 508 P.2d 335 (1973) came to our attention. *Tyree* holds if the state does not cross-appeal, the failure to impose a mandatory sentence is waived. We have reissued our opinion to stress that it is the duty of the state to insist upon the imposition of restitution and the duty of the trial court to impose the same regardless of whether or not the state presses the issue.

This court has, pursuant to A.R.S. § 13–4035, fully reviewed the record for fundamental error as we are obliged to do under this procedure. After reviewing the record we find that no error requiring reversal was committed in these proceedings.

Appellant's conviction and sentence are affirmed.

SHELLEY, P.J. and HAIRE, J., concur.