772 P.2d 1176

**STATE of Arizona, Respondent,**

v.

**Billy Don LEE, Petitioner.**

**No. 1 CA–CR 88–275–PR.**

Court of Appeals of Arizona, Division 1, Department C.

May 2, 1989.

Thomas E. Collins, Maricopa County Atty. by H. Allen Gerhardt, Deputy County Atty., Phoenix, for respondent.

George M. Sterling, Phoenix, for petitioner.

## OPINION

CLABORNE, Judge.

The petitioner (defendant) was convicted of robbery and sentenced to an eighteen-year term of imprisonment as a repetitive offender.

In this petition for post-conviction relief, the defendant presents a novel issue. The trial court at sentencing gave the defendant pre-sentence incarceration credit for more days than defendant actually served. At a later hearing the trial judge corrected that error by a "nunc pro tunc" order. To compound the problem, the "nunc pro tunc" order occurred after the sentence had been appealed and affirmed. (*State v. Lee*, 1 CA–CR 10147, July 7, 1987.)

The court's position was that "the sentence it imposed was lawful ... through oversight defendant was given credit for more pre-sentence credit than he was lawfully entitled to." Based on this, the court, pursuant to Rule 24.4, Arizona Rules of Criminal Procedure, amended the minute entry which had originally credited 2,138 days (this was the minute entry and sen-

tence which was affirmed on appeal); the effect of the amendment was to substitute 2,081 days in order to "correctly" set forth the presentence credit.*

The court is mandated to apply pre-sentence credit to any imprisonment imposed. A.R.S. § 13–709(B). However, a trial court lacks jurisdiction to modify a sentence after it has been affirmed on appeal. *State v. Guthrie,* 110 Ariz. 257, 517 P.2d 1253 (1974); *State v. Wood,* 115 Ariz. 182, 564 P.2d 405 (App.1977). The obvious problem here is that if the original sentence and judgment remain, the defendant will receive a benefit of 57 days to which he is not entitled under A.R.S. § 13–709(B).

Although the sentence imposed was illegal, *State v. Suniga,* 145 Ariz. 389, 701 P.2d 1197 (App.1985), could the court modify its error in the manner described here?

In *State v. Ambalong,* 150 Ariz. 380, 723 P.2d 729, (1986), the trial court failed to impose restitution, expressly declining to do so based on the length of imprisonment imposed. *Id.* at 381, 723 P.2d at 730. The appellate court said that the imposition of restitution was mandatory. However, the court deemed the issue waived in view of the state's failure to cross-appeal. The court concluded that where the state does not cross-appeal, the failure to impose a mandatory sentence is waived. *See also State v. Tyree,* 109 Ariz. 259, 260, 508 P.2d 335, 336 (1973); overruled on other grounds by *State v. Lewis,* 109 Ariz. 466, 512 P.2d 9 (1973).

It is clear in this case that the state, had it chosen to do so, could have challenged the incorrect pre-sentence incarceration credit on appeal or by appropriate post-trial motion. A.R.S. § 13–709(B); A.R.S. § 13–4032(5), (6); Rule 24.3, Rule 24.4, Arizona Rules of Criminal Procedure. The state did not move pursuant to the Arizona Rules of Criminal Procedure nor appeal under A.R.S. § 13–709(B) to correct the alleged error in the court's mandatory application of presentence credit.

The inaccurate application of pre-sentence credit in this case has the effect of reducing the aggravated robbery sentence by 57 days. If the state felt that the error was so blatant and basic to the interest of justice, the matter could have been brought to the court's attention by an appropriate post-trial motion. Although we are certainly aware that miscalculations of this type occur, the state must bear some of the burden in preventing such miscalculation. We feel, reluctantly, that the state has waived the error.

Thus, defendant's sentence has the legal effect of being reduced by 57 days and the aggravated sentence is now seventeen years, 308 days of imprisonment.

Review granted, relief granted. It is ordered that the original computation of the pre-sentence incarceration credit be reinstated.

SHELLEY, P.J., and VOSS, J., concurring.

---

* *The large number of pre-sentence incarceration days resulted from the granting of a new trial after conviction, State v. Lee,* 142 Ariz. 210, 689

P.2d 153 (1984), and the second prosecution which resulted in the present sentence.