NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CARLOS JUNIOR NELSON, *Appellant.*

No. 1 CA-CR 19-0104
FILED 8-15-2019

Appeal from the Superior Court in Maricopa County
No. CR2017-140285-001 DT
The Honorable Sally Schneider Duncan, Judge

**AFFIRMED AS CORRECTED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court,
in which Judge Kent E. Cattani and Judge Diane M. Johnsen joined.

**W I N T H R O P**, Judge:

¶1        Carlos Junior Nelson ("Appellant") appeals his resentence on remand for unlawful flight from a law enforcement vehicle.  Appellant's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), stating he has searched the record on appeal and found no arguable question of law that is not frivolous.  Appellant's counsel therefore requests that we review the record for fundamental error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (stating that this court reviews the entire record for reversible error).  This court allowed Appellant to file a supplemental brief *in propria persona*, but he has not done so.  Finding no reversible error, we affirm the resentence on remand, but correct the trial court's February 6, 2019 sentencing minute entry to reflect that the historical prior conviction used to enhance Appellant's sentence was his conviction for possession of burglary tools, rather than his conviction for possession of marijuana, which was not alleged by the State before trial as a prior felony conviction.

## FACTS AND PROCEDURAL HISTORY[1]

¶2        After a jury trial, Appellant was found guilty of one count of unlawful flight from a law enforcement vehicle, a class 5 felony.  Although the State had properly alleged only one historical prior felony conviction before trial, the trial court found the existence of three prior felony convictions and sentenced Appellant to a four-year prison term as a Category 3 repetitive offender.  *See* Ariz. Rev. Stat. ("A.R.S.") § 13-703(C).  Appellant timely appealed his sentence, and the State confessed error, agreeing that Appellant was improperly sentenced as a Category 3 repetitive offender and that the $20 probation assessment in the court's written sentencing order, *see* A.R.S. § 12-114.01(A), had not been properly imposed because the court had failed to impose it "in open court with the defendant present."  *State v. Powers*, 154 Ariz. 291, 295 (1987) (citing Ariz. R. Crim. P. 26.9).  After reviewing the record on appeal, this court accepted the State's confession of error, vacated Appellant's sentence as a Category 3 repetitive offender (and the $20 probation assessment) and remanded the matter so Appellant could be resentenced as a Category 2 repetitive offender pursuant to A.R.S. § 13-703(B).  *See State v. Nelson*, 1 CA-CR 18-0346, 2018 WL 6695821, at *3, ¶ 6 (Ariz. App. Dec. 20, 2018) (mem. decision).

---

[1]        We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant.  *See State v. Kiper*, 181 Ariz. 62, 64 (App. 1994).

¶3        On remand, the trial court sentenced Appellant as a Category 2 repetitive offender to a partially mitigated (minimum) term of 1.5 years' imprisonment, with credit for 521 days of presentence incarceration.

¶4        Appellant filed a timely notice of appeal.  We have jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A).

**ANALYSIS**

¶5        First, we note that, both before resentencing and in its February 6, 2019 minute entry, the trial court found the existence of the following prior felony conviction as the basis for sentencing Appellant as a Category 2 offender: "MARIJUANA-POSSESS/USE, a Felony 6 Non Dangerous felony committed on 03/22/2014 and convicted on 10/20/2014 in CR2014113520-001 in Maricopa County."  However, as this court noted in its previous memorandum decision in this case, "[t]he State had timely alleged [Appellant] had one historical nondangerous felony conviction, possession of burglary tools, a Class 6 felony in CR 2007-005149."  *Nelson*, 1 CA-CR 18-0346 at *2, ¶ 2.  Moreover, as conceded by the State in that earlier appeal, "[a]t no time during the seven-month pretrial process here did the State allege or give notice that it would use . . . any other conviction . . . to enhance his sentence under the repetitive-offender statute."  *Id.*  Thus, because the State never alleged Appellant's 2014 felony conviction as a historical (or, for that matter, even as a non-historical) prior felony conviction, the trial court could not properly find that conviction as a basis for sentencing Appellant as a Category 2 offender.  Instead, as this court's prior memorandum decision made clear, the trial court should have used Appellant's prior felony conviction for possession of burglary tools as the basis for sentencing Appellant as a Category 2 offender.  Accordingly, the trial court's February 6, 2019 sentencing minute entry must be corrected by replacing Appellant's 2014 felony conviction with the following prior felony conviction: "BURGLARY TOOLS POSSESSION, a Felony 6 Non Dangerous felony committed on 06/19/2007 and convicted on 05/01/2008 in CR2007005149-001 in Maricopa County."

¶6        Second, we note that the trial court on remand also failed to order that Appellant pay the $20 probation assessment, as provided for in A.R.S. § 12-114.01.  In Appellant's first appeal, the trial court failed to orally impose that assessment at sentencing, and the State conceded that adding the $20 probation assessment in the court's written sentencing order was error and asked this court to remand to allow the court to cure that error. *Nelson*, 1 CA-CR 18-0346 at *3, ¶¶ 4-5.  We accepted the State's confession

of error, vacated the probation assessment, and remanded. *Id.* at ¶ 6. The error should have been corrected during resentencing by the trial court properly advising Appellant of that assessment and ordering it. The trial court ultimately did not do so, however, and it made no finding indicating it exercised its discretion to waive the assessment. *See* A.R.S. § 12-114.01(C). Nonetheless, the State has not appealed the failure to impose the $20 probation assessment and has therefore waived the error. *See generally State v. Lee*, 160 Ariz. 323, 324 (App. 1989) (concluding that the failure by the State to appeal an incorrect presentence incarceration credit waived the error).

¶7 Third, we note that both errors could have been avoided had counsel provided the court with the correct information. Before resentencing, the prosecutor inexplicably advised the court that it should use "[t]he most recent [prior felony conviction], CR2014-113520-001" for enhancement purposes, and the court agreed. At resentencing, after the court initially imposed the $20 probation assessment, defense counsel interrupted, stating, "Sorry I don't mean to interrupt you. I believe that the $20 probation fee was incorrectly ordered last time and should not be ordered." The court then agreed "[t]hat needs to be taken away," and concluded, "We're not doing that." In neither situation did opposing counsel object to the error. As officers of the court, both the prosecutor and defense counsel have duties to properly advise the court and be attentive. *See State v. Childs*, 113 Ariz. 318, 323 (1976); *State v. Darling*, 109 Ariz. 148, 153 (1973) (citation omitted). In this case, neither counsel did so.

¶8 We have reviewed the remaining proceedings on remand for reversible error and find none. *See Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537, ¶ 30. Appellant was represented by counsel and given the opportunity to speak at sentencing. The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶9 After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

**CONCLUSION**

¶10 Appellant's resentence on remand is affirmed. The trial court's February 6, 2019 sentencing minute entry is corrected to reflect the existence of Appellant's prior felony conviction for possession of burglary tools, rather than his prior conviction for possession of marijuana.

